Kevin Coleman, p. a.
vs.                        } No. 86283.
James M. McCarthy, Jr.

May 3, 1932.

FROST, J. Heard upon plaintiff's motion for new trial after verdict for defendant.

This is a suit brought by plaintiff through his father and next friend, Louis Coleman, to recover damages from the defendant, who is a practicing physician in the City of Woonsocket, resulting from alleged negligent treatment of plaintiff's arm, in the fall of 1928.

Plaintiff, a boy nearly seven years of age, on September 1, 1928, fell while attempting to go over a fence and sustained an injury to his left arm. The defendant was summoned and responded. immediately. He found a fracture of the ulna and bound it up in splints and advised an X-ray. An X-ray was taken but as it did not show enough, defendant called for another. A second was taken which included the elbow but was negative in that it did not reveal any trouble with the elbow itself. The arm was left in splints for three weeks and then it was found that the elbow was stiff. Upon the advice of the defendant and with the consent of the parents, the patient was taken by defendant to Boston, where Dr. McAuslan operated, removing the head of the radius. There is now marked limitation of motion at the elbow joint.

Substantially the negligence complained of is that defendant failed to discover sufficiently early that there was an injury to the elbow joint.

Plaintiff did not establish his allegations of negligence by any medical testimony. Indeed, Dr. Gormley, testifying as plaintiff's witness, said that Dr. McCarthy followed the usual course of treatment that would be followed by a physician in Woonsocket.

There doubtless are cases where the actions of an attending physician are so extraordinary or where the lack of attention is so marked that even a layman may say that the physician is obviously negligent. In the judgment

of the Court this is not such a case. The present case is rather of the class which the Court had in mind in *Bigney* vs. *Fisher*, 26 R. I. 402, when it said, "Whether the defendant used proper skill and care in setting the broken bone in the plaintiff's leg, and in his subsequent professional treatment of the case, were necessarily questions to be determined by the testimony of experts in the science of medicine and surgery."

The case was allowed to go to the jury because of certain alleged statements made by the defendant to plaintiff's parent or parents which might be construed as admissions by the defendant of his own negligence. These statements as testified to were denied by defendant, thereby producing questions of fact for the jury.

As the Court also said in *Bigney* vs. *Fisher*, *supra*, the implied contract of a physician is (p. 403), "to treat the case with that degree of diligence and skill which are ordinarily possessed by the average of the members of the profession in good standing, in similar localities, regard being always had to the state of the medical profession at the time."

In the opinion of the Court the evidence fails to show that defendant's treatment of plaintiff's arm fell below this standard.

As for the alleged admissions referred to above, it was for the jury to pass upon them. The Court cannot say that the verdict is against the weight of the evidence or that it is against the law as given to the jury by the Court. As the verdict of the jury does substantial justice between the parties, plaintiff's motion for a new trial must be denied.

For plaintiff: Eugene L. Jalbert.

For defendant: Hinckley, Allen, Tillinghast, Phillips & Wheeler.